1
2
3
4

**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick, State Bar No. 004738
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Email:  rgh@tblaw.com

5

*Liaison Counsel for Plaintiff*

6
7
8
9
10

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email:  lglancy@glancylaw.com; rprongay@glancylaw.com;
            lportnoy@glancylaw.com; clinehan@glancylaw.com

11
12
13
14

**KIRBY MCINERNEY LLP**
Thomas W. Elrod
825 Third Avenue
New York, New York 10022
Telephone: (212) 371-6600
Email:  telrod@kmllp.com

*Attorneys for Plaintiff*

15
16
17

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| 18  Shant Maknissian, Individually and On 19  Behalf of All Others Similarly Situated, | Case No. |
| 20                    Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| 21          v. | |
| 22  Microchip Technology Inc.; Stephen    Sanghi; James Eric Bjornholt; and Ganesh 23  Moorthy, | **JURY TRIAL DEMANDED** |
| 24                    Defendants. | |
| 25 | |

26
27
28

        Plaintiff Shant Maknissian ("Plaintiff"), individually and on behalf of all others

similarly situated, by and through his attorneys, alleges the following upon information

and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Microchip Technology Inc. ("Microchip" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Microchip; and (c) review of other publicly available information concerning Microchip.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that acquired Microchip securities between May 31, 2018 and August 9, 2018, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Microchip purports to be a leading provider of microcontroller, mixed signal, analog and flash-IP solutions, providing low-risk product development, lower total system cost and faster time to market for diverse customer applications worldwide.

3.      On May 29, 2018, Microchip announced that it had completed the acquisition of Microsemi Corp. ("Microsemi") for $68.78 in cash per share of Microsemi common stock. Microsemi designs and manufactures semiconductors.

4.      On August 9, 2018, Microchip issued a press release entitled "Microchip Technology Announces Financial Results for First Quarter of Fiscal Year 2019." Therein, the Company, in relevant part, stated that its financial performance for the quarter ended June 30, 2018 had been "adversely impacted by $226.9 million of Microsemi purchase accounting, restructuring, and other charges."

5.      On this news, the Company's share price fell $10.67 per share, more than 10%, to close at $87.41 per share on August 10, 2018, on unusually heavy trading volume.

6.     Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Microsemi's financial performance was underperforming Microchip's expectations; and (2) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, including positive statements about Microsemi, were materially misleading and/or lacked a reasonable basis.

7.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

10.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.

11.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

**PARTIES**

12.    Plaintiff Shant Maknissian, as set forth in the accompanying certification, incorporated by reference herein, purchased Microchip securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

13.    Defendant Microchip is incorporated under the laws of Delaware with its principal executive offices located in Chandler, Arizona. Microchip's common stock trades on the NASDAQ exchange under the symbol "MCHP."

14.    Defendant Stephen Sanghi ("Sanghi") was the Chairman and Chief Executive Officer of the Company at all relevant times.

15.    Defendant James Eric Bjornholt ("Bjornholt") was the Vice President and Chief Financial Officer of the Company at all relevant times.

16.    Defendant Ganesh Moorthy ("Moorthy") was the President and Chief Operating Officer of the Company at all relevant times.

17.    Defendants Sanghi, Bjornholt, and Moorthy, (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.,* the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

18.     Microchip purports to be a leading provider of microcontroller, mixed signal, analog and flash-IP solutions, providing low-risk product development, lower total system cost and faster time to market for diverse customer applications worldwide.

19.     On May 29, 2018, Microchip issued a press release entitled "Microchip Technology Announces Completion of Microsemi Acquisition."   Therein, the Company, in relevant part, stated:

> Microchip Technology Incorporated (NASDAQ: MCHP), a leading provider of microcontroller, mixed-signal, analog and flash-IP solutions, today announced that Microchip has completed its previously announced acquisition of Microsemi Corporation.  The shareholders of Microsemi overwhelmingly approved the merger with 99.5% of the Microsemi shares that voted being in favor of the merger.  As a result of the completion of the transaction, trading in Microsemi common stock on the NASDAQ Stock Market will cease today.

> "We are very pleased to have completed our acquisition of Microsemi," said Steve Sanghi, CEO.  "I welcome the Microsemi employees into the Microchip family and look forward to working together to realize the benefits of a combined team pursuing a unified strategy.   The Microsemi acquisition will significantly enhance our product portfolio, end-market diversification, operational capabilities and customer scale."

### Materially False and Misleading
### Statements Issued During the Class Period

20.     The Class Period begins on May 31, 2018.  On that day, the Company issued a press release entitled "Microchip Technology Provides Updated Financial Guidance After Completion of Microsemi Acquisition." Therein, the Company, in relevant part, stated:

> Microchip   Technology   Incorporated,   a   leading   provider   of microcontroller, mixed signal, analog and Flash-IP solutions, today provided updated guidance for net sales and non-GAAP earnings per share for its fiscal first quarter of 2019 ending June 30, 2018, after the

completion of the acquisition of Microsemi Corporation by Microchip. Microchip previously provided guidance on May 8, 2018 for consolidated non-GAAP net sales to be up between 1% and 6% sequentially with a mid-point of up 3.5%.    Microchip expects non-GAAP net sales based on end market demand from Microsemi to add between $160 million to $180 million to its June quarter results, and now expects consolidated non-GAAP net sales for the June quarter to be up 17% to 24% sequentially.  Microchip expects Microsemi to add between 2 cents to 6 cents to non-GAAP earnings per share.  The combined non-GAAP earnings per share for Microchip and Microsemi is expected to be between $1.41 and $1.55 per share.  The original guidance for Non-GAAP earnings per share was between $1.39 and $1.49 per share.  Microchip is not able to provide an estimate of its GAAP earnings per share at this time but will report its GAAP results and provide reconciliations of its GAAP and Non-GAAP results with its earnings release in early August 2018.

"We completed our acquisition of Microsemi on May 29, 2018 and are excited about the future of the combined companies with our expanded product portfolio, end-market diversification, operational capabilities and customer scale," said Steve Sanghi, Microchip's CEO.  "Our combined teams are now laser focused on delivering the synergies we identified, and to achieve the accretion targets which will enable us to rapidly start reducing our leverage."

21.    The above statements identified in ¶¶ 20 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that Microsemi's financial performance was underperforming Microchip's expectations; and (2) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, including positive statements about Microsemi, were materially misleading and/or lacked a reasonable basis.

**Disclosures at the End of the Class Period**

22.    On August 9, 2018, Microchip issued a press release entitled "Microchip Technology Announces Financial Results for First Quarter of Fiscal Year 2019." Therein, the Company, in relevant part, stated:

6

CHANDLER, Arizona, Aug. 09, 2018 (GLOBE NEWSWIRE) – (NASDAQ: MCHP) – Microchip Technology Incorporated, a leading provider of microcontroller, mixed signal, analog and Flash-IP solutions, today reported results for the three months ended June 30, 2018 as summarized in the following table:

* * *

GAAP net sales for the first quarter of fiscal 2019 were $1.213 billion, up 24.7% from GAAP net sales of $972.1 million in the prior year's first fiscal quarter.  GAAP net income for the first quarter of fiscal 2019 was $35.7 million, or $0.14 per diluted share, down from GAAP net income of $170.6 million, or $0.70 per diluted share, in the prior year's first fiscal quarter.  The current year's GAAP net income results were significantly adversely impacted by purchase accounting adjustments associated with our Microsemi acquisition.

Non-GAAP net sales for the first quarter of fiscal 2019 were $1.217 billion, up 25.2% from non-GAAP net sales of $972.1 million in the prior year's first fiscal quarter.  Non-GAAP net income for the first quarter of fiscal 2019 was $405.8 million, or $1.61 per diluted share, up 27.2% from non-GAAP net income of $319.1 million, or $1.31 per diluted share, in the prior year's first fiscal quarter.  For the first quarters quarters of fiscal 2019 and fiscal 2018, our non-GAAP results exclude the effect of share-based compensation, expenses related to our acquisition activities (including intangible asset amortization, inventory valuation costs, severance and other restructuring costs, and legal and other general and administrative expenses associated with acquisitions), non-cash interest expense on our convertible debentures, adjustments for a manufacturing excursion issue with one of our suppliers, losses on the settlement of our convertible debentures, and losses on available-for-sale investments.  Due to our required adoption of the new revenue recognition standard on April 1, 2018 that results in revenue being recognized when the product is sold to our distribution customers, our non-GAAP adjustments include the effect of our distributors increasing or decreasing their inventory holdings in order to present a measure of the end market demand for our products.  For the first quarter of fiscal 2019, our non-GAAP income tax expense is presented based on projected cash taxes for fiscal 2019, excluding transition tax payments under the Tax Cuts and Jobs Act.  For the first quarter of fiscal 2018, our non-GAAP income tax expense is presented in a manner that excludes the tax impact of non-GAAP adjustments calculated using the applicable tax rates in the jurisdictions where the adjustments occurred, tax adjustments in accordance with ASC 740-270, and one-time tax

events.   A reconciliation of our non-GAAP and GAAP results is included in this press release.

Microchip announced today that its Board of Directors has declared a record quarterly cash dividend on its common stock of 36.40 cents per share.   The quarterly dividend is payable on September 4, 2018 to stockholders of record on August 21, 2018.

"Our June quarter financial results were strong," said Steve Sanghi, Chief Executive Officer.   "Our non-GAAP net sales came in above the mid-point of our guidance that we issued on May 31, 2018, resulting in record non-GAAP net income and earnings per share."

Mr. Sanghi added, **"Since our acquisition of Microsemi Corporation on May 29, 2018, we have been actively engaged in further understanding the opportunities and challenges of this business. While we have lots of work to do to achieve our long-term financial targets, we have high confidence in our team's ability to achieve these results over time."**

"In the June 2018 quarter, our overall microcontroller net sales were $728.6 million, up 10.8% from the March 2018 quarter and our overall analog net sales were $328.5 million, up 35% from March 2018," said Ganesh Moorthy, President and Chief Operating Officer.   "Our microcontroller business excluding Microsemi, as well as our analog business excluding Microsemi, both set new records in the June quarter."

Mr. Moorthy added, "The integration of Microsemi with Microchip has been in high gear since we closed the acquisition.   We are moving thoughtfully and quickly to realize the synergies we had planned on, while continuing to identify incremental synergy opportunities working as a joint team."

Eric Bjornholt, Microchip's Chief Financial Officer, said, "Cash flow from operations was $302.4 million in the June 2018 quarter.   Over the next several years, we intend to use substantially all of our net cash generation, beyond our dividend payments, to de-leverage the balance sheet."

Mr. Sanghi added, "Beginning April 1, 2018, we adopted the new GAAP revenue recognition standard which requires us to recognize revenue at the time products are sold to distributors.   Prior to this change, revenue on such transactions were deferred until the product was sold by our distributor to an end customer.   We are not able to

provide guidance on a GAAP basis as we are not able to predict whether inventory at our distributors will increase or decrease in relation to end-market demand.  As evidence of this uncertainty, in recent years, we have seen net inventory at our distributors increase or decrease by a significant amount in a single quarter.  Our non-GAAP revenue will be based on what we believe reflects true end-market demand as we measure revenue based on when product is sold by our distributors to an end customer."

Mr. Sanghi concluded, "Based on anticipated end-market demand, we expect our non-GAAP total net sales in the September 2018 quarter to be between $1.474 billion and $1.550 billion.  Our non-GAAP earnings per share are expected to be between $1.65 and $1.83."

23.    On this news, the Company's share price fell $10.67 per share, more than 10%, to close at $87.41 per share on August 10, 2018, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that acquired Microchip securities between May 31, 2018 and August 9, 2018, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

25.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Microchip's common shares actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of Microchip common stock were traded publicly during the Class Period on the NASDAQ.  Record owners and other members of the Class may be identified from records maintained by Microchip or its transfer agent and may be

notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

26.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

28.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)    whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Microchip; and

(c)    to what extent the members of the Class have sustained damages and the proper measure of damages.

29.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.   There will be no difficulty in the management of this action as a class action.

**UNDISCLOSED ADVERSE FACTS**

30.    The market for Microchip's securities was open, well-developed and efficient at all relevant times.   As a result of these materially false and/or misleading statements, and/or failures to disclose, Microchip's securities traded at artificially

inflated prices during the Class Period.  Plaintiff and other members of the Class purchased or otherwise acquired Microchip's securities relying upon the integrity of the market price of the Company's securities and market information relating to Microchip, and have been damaged thereby.

31.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Microchip's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Microchip's business, operations, and prospects as alleged herein.

32.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Microchip's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

33.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

34.     During the Class Period, Plaintiff and the Class purchased Microchip's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

35.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding Microchip, their control over, and/or receipt and/or modification of Microchip's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Microchip, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

36.     The market for Microchip's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, Microchip's securities traded at artificially inflated prices during the Class Period.  On June 6, 2018, the Company's share price closed at a Class Period high of $103.31 per share.  Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Microchip's securities and market information relating to Microchip, and have been damaged thereby.

37.     During the Class Period, the artificial inflation of Microchip's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Microchip's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of Microchip and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

38.     At all relevant times, the market for Microchip's securities was an efficient market for the following reasons, among others:

(a)     Microchip shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Microchip filed periodic public reports with the SEC and/or the NASDAQ;

(c)     Microchip regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Microchip was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

39.     As a result of the foregoing, the market for Microchip's securities promptly digested current information regarding Microchip from all publicly available sources and reflected such information in Microchip's share price. Under these circumstances, all purchasers of Microchip's securities during the Class Period suffered similar injury through their purchase of Microchip's securities at artificially inflated prices and a presumption of reliance applies.

40.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions. Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

**NO SAFE HARBOR**

41.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-

14

looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Microchip who knew that the statement was false when made.

**FIRST CLAIM**

**Violation of Section 10(b) of The Exchange Act and
Rule 10b-5 Promulgated Thereunder
Against All Defendants**

42.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

43.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Microchip's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

44.    Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Microchip's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

45.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged

and participated in a continuous course of conduct to conceal adverse material information about Microchip's financial well-being and prospects, as specified herein.

46.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Microchip's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Microchip and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

47.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

48.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Microchip's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities.   As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

49.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Microchip's securities was artificially inflated during the Class Period.   In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Microchip's securities during the Class Period at artificially high prices and were damaged thereby.

50.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Microchip was experiencing, which were not disclosed by

Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Microchip securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

51.     By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

52.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

**SECOND CLAIM**

**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendants**

53.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

54.     Individual Defendants acted as controlling persons of Microchip within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55.     In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

56.     As set forth above, Microchip and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

1   Dated:  September 17, 2018.

2                                **TIFFANY & BOSCO, P.A.**

3

4                                 By:   */s/ Richard G. Himelrick*

5                                          Richard G. Himelrick

6                                          Seventh Floor Camelback Esplanade II

7                                          2525 East Camelback Road

                                         Phoenix, AZ 85016

                                         *Liaison Counsel for Plaintiff*

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

**KIRBY MCINERNEY LLP**
Thomas W. Elrod
825 Third Avenue
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Attorneys for Plaintiff*

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*s/ Shelley Boettge*
Shelley Boettge

# SWORN CERTIFICATION OF PLAINTIFF

## MICROCHIP TECHNOLOGY INC. SECURITIES LITIGATION

I, Shant Maknissian individually, and/or in my capacity as trustee and/or principal for accounts listed on Schedule A, certify that:

1.  I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf.

2.  I did not purchase the Microchip Technology Inc. securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.  I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.  My transactions in Microchip Technology Inc. securities during the Class Period set forth in the Complaint are as follows:

    (See attached transactions)

5.  I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

6.  I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

9/14/2018
_____
Date

DocuSigned by:

*Shant Maknissian*

ED74B8E7CBE84CE...
_____
Shant Maknissian

**Shant Maknissian's Transactions in**
**Microchip Technology Incorporated (MCHP)**

| Date | Transaction Type | Quantity | Unit Price |
|---|---|---|---|
| 08/09/2018 | Bought | 13 | $97.6852 |
| 08/09/2018 | Bought | 100 | $97.6851 |
| 08/09/2018 | Bought | 62 | $97.6850 |